## CLOSE & CUSHMAN v. THE STATE.

Where there is neither bill of exceptions, statement of facts, nor special ver-
dict, and a good cause of action is stated in the original complaint, this court
must affirm the judgment.   (Paschal's Dig., Art. 1581, Note 613.)

ERROR from Galveston.   The case was tried before Hon.
PETER W. GRAY, one of the district judges.

Henry M. Trueheart, then assessor and collector of taxes
for Galveston county, on the 9th day of July, A. D. 1859,
acting under article 1836, O. & W. Dig., [Paschal's Dig.,
Art. 5133, Note 1129,] made affidavit before J. W. Moore,
a justice of the peace for the county, complaining, in sub-
stance, that the present plaintiffs in error were copartners
in trade, engaged in the city of Galveston in the sale of
goods, wares, and merchandise, and that he had called on
them to furnish a correct list of purchases made by them
for sale within the three last months, which they had re-
fused to render as by law required.  A trial was had before
the justice, and judgment rendered in favor of the state for
the penalty of $50, established by law.  The cause was then
removed by *certiorari* to the district court for Galveston
county, and a trial was had therein on the 2d day of June,
1860.

Close & Cushman, for defense to the complaint of the
assessor, in both the justice's and district courts, filed a de-
murrer to the sufficiency of the complaint and an answer,
substantially as follows:

They admitted they were copartners to the 6th day of
July, 1859, when the copartnership was dissolved, but
alleged that the copartnership was exclusively of a mechan-
ical nature, and not in any respect of the nature of mer-
chandising; that their business consisted exclusively of the
manufacture of castings, sugar-mills, machinery, etc., and
repair of the same; that for the purpose of carrying on said
business they had purchased coal for fuel, and the different

metals in their raw state, to be worked up and manufactured in their said business within the year previous to said 6th day of July, to the amount of $5,000, or over, and which was necessary in their business as founders and mechanics, and which had been used in that business, and not otherwise.

The demurrer was overruled, and the court below, in submitting the case to the jury, among other things, charged them as follows: "If from the evidence you believe defendants were engaged during the time alleged, in Galveston, in the vocation of selling goods, wares, or merchandise; 2d, that during that time they purchased such goods, wares, or merchandise for the purpose of selling them again, (whether in the same state as they were purchased, or changed by them, by mechanical process, into other articles, is immaterial;) and, 3d, that they refused to render an account of such purchases to the assessor when called on by him therefor, then you will find for the state."

The verdict of the jury, under the charge of the court, was for the state; on which judgment was rendered for the penalty of $50, established by law.

The charge of the court was assigned as error.

*Tucker & League,* for plaintiffs in error, cited Oldham & White's Digest, p. 421, and argued upon the facts of the case, which, according to the court, were not in the record.

*Wm. M. Walton, Attorney General,* insisted that a good cause of action was stated in the original complaint, and that all presumptions were in favor of the judgment.

MORRILL, C. J.—There being no bill of exceptions, or statement of facts, or special verdict, it is impossible for us to ascertain whether the errors as assigned are well

taken or not.  The cause, as appears, was tried, *ex parte*, in the district court.  We had supposed, on reading the brief of the plaintiffs in error, that they had good cause of reversal, but as the record, as now presented, does not authorize us to discuss the questions raised, all we can do is to affirm the judgment, which is accordingly done.

AFFIRMED.